UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:07-CV-143

WILLIAM TALLEY                                                         PLAINTIFF

V.

WEYERHAEUSER COMPANY,
RICHARD EALING, and
CURTIS DANIELS                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Plaintiff to remand this action back to state court (DN 10) and upon a motion to dismiss by Defendants (DN 5). The Plaintiff argues that remand is required because there is not complete diversity of citizenship. The Defendants argue that remand is inappropriate since two defendants were fraudulently joined to defeat diversity jurisdiction. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion to remand is **GRANTED** and the Court lacks jurisdiction to consider the Defendants' motion to dismiss.

## I. FACTS

In his state court Complaint, the Plaintiff, William Talley, states that he is a resident of Kentucky. He brings claims against the Weyerhaeuser Company, a Washington corporation, and Richard Ealing ("Ealing") and Curtis Daniels ("Daniels"), employees of the Weyerhaeuser Company, and residents of Kentucky. In the Complaint, he alleges that the Weyerhaeuser Company violated his rights under the Kentucky Civil Rights Act by wrongfully terminating based on his age. He alleges that Defendants Ealing and Daniels violated the Kentucky Civil Rights Act by engaging in a conspiracy wherein they aided and abetted "other individuals and Weyerhaeuser Company who

desired to wrongfully terminate the Plaintiff's employment based on his age." (DN 1, Attach. 1, State Court Complaint, ¶ 13).  Shortly thereafter, the Defendants removed the matter to federal court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Defendants allege that  there is complete diversity because Ealing and Daniels were improperly joined as defendants.

## II. LEGAL STANDARD

In Coyne v. American Tobacco Co., the Sixth Circuit clearly outlined how district courts should approach allegations of fraudulent joinder. 183 F.3d 488 (6th Cir. 1999). In Coyne, the court stated:

> When reviewing the denial of a motion to remand a case to state court, we first look to determine whether the case was properly removed to federal court. See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996). When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal. Indeed, "diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989); accord Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L. Ed. 435 (1806). In this regard, a party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." [Certain Interested Underwriters at Lloyd's v.] Layne, 26 F.3d at 41; Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (stating that "the party seeking removal bears the burden of establishing its right thereto").
>
> Moreover, this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994); accord Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See Alexander, 13 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." Id. All doubts as to the propriety of removal are resolved in favor of remand. Id

2

183 F.3d 488, 492-93 (6th Cir. 1999).

## III. ANALYSIS

As <u>Coyne</u> emphasizes, the burden of proof rests with the party seeking to remove the action to federal court.  Here, the Defendants argue that Ealing and Daniels were improperly joined since the Plaintiff cannot establish a cause of action against them under state law.  Specifically, the Defendants argue that the Plaintiff's claims against Ealing and Daniels are barred by both the applicable statute of limitations and  the " intra-corporate conspiracy" doctrine.

**A. Statute of Limitations**

As stated above, the Plaintiff has alleged that Ealing and Daniels, employees of the Weyerhaeuser Company, violated the Kentucky Civil Rights Act, specifically K.R.S. §344.280,  by aiding and abetting other individuals and the Weyerhaeuser Company in wrongfully terminating the Plaintiff based upon his age.  The Defendants argue that the applicable statute of limitations for this claim is set forth in K.R.S. §413.140(1)(c), which provides that actions for conspiracy shall be commenced within one year after the cause of action accrues.  The Defendants cite cases in which courts have held that conspiracy and malicious prosecution claims brought pursuant to federal statutes are governed by this one-year statute of limitations.  See, e.g., <u>Bedford v. University of Louisville</u>, 1989 WL 123143 (6th Cir. 1986) (holding that an action brought pursuant to 42 U.S.C. § 1985(3) for the deprivation of rights of rights, privileges, or immunities secured by the Constitution or federal law because of a conspiracy is  governed by the one-year statute of limitations set forth in K.R.S § 413.140(1)(c)); <u>Carmicle v. Weddle</u>, 555 F.2d 554 (6th Cir. 1977)(holding that in an action brought pursuant to 42 U.S.C. §§ 1983, 1985, where the allegations in the complaint were most analogous to Kentucky actions for malicious prosecution and false arrest,

3

the one year statute of limitations set forth in §413.140(1)(c) for malicious prosecution, conspiracy, and arrest, was applicable).

These cases, however, do not persuade the Court that the one-year statute of limitations set forth in K.R.S. 413.140(1)( c) is applicable here.  The Plaintiff's claims against Ealing and Daniels are brought pursuant to a provision of the Kentucky Civil Rights Act.  Courts have unanimously held that actions brought pursuant to KCRA are governed by the five-year statute of limitations set forth in K.R.S. §413.120(2) for actions based upon liability created by statute.  Boggs v. Kentucky, 1996 U.S. App. LEXIS 30332 (6th Cir. 1996); Adams v.ExpressJet Airlines, Inc., 2007 U.S. Dist. LEXIS 33613 (W.D. Ky. 2007); Jones v. Peabody Coal Company, 1989 U.S. Dist. LEXIS 17131 (W.D. Ky. 1989); Kentucky Comm. on Human Rights v. Owensboro, 750 S.W.2d 422, 423 (Ky. 1988). Thus, because the Plaintiff alleges that Defendants Ealing and Daniels violated KCRA by aiding and abetting others in terminating him because of his age on August 4, 2004, and because he filed this action against them on July 27, 2007, within the requisite five years, the Court holds that the Plaintiff's action against them is not time-barred.

**II. The "Intra-corporate Conspiracy" Doctrine**

Defendants Ealing and Daniels next argue that their fraudulent joinder in this action is evidenced by the fact that the claims asserted against them are barred by the intra-corporate conspiracy doctrine. The intra-corporate conspiracy doctrine provides that a corporation, or the agents of a corporation, cannot form a conspiracy with one another since the corporation and its agents are all members of the same collective entity and a conspiracy requires at least two persons or entities. See, e.g., Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 509 (6th Cir. 1991).  And, indeed, the Sixth Circuit has applied the intra-corporate conspiracy

4

doctrine to conspiracy claims asserted pursuant to 42 U.S.C. §1985. Id.[1] Importantly, however, the Defendants have not argued how or whether Kentucky courts would apply this doctrine to conspiracy claims brought under the KCRA and the Court has found no case in which a Kentucky court has even mentioned the doctrine.   See, e.g., Elersic v. Lake County, 2005 U.S. Dist. LEXIS 10890 (N.D. Ohio 2005).  Further, there is nothing in the language of § K.R.S. 344.280(2) which limits its application: it simply states that it is unlawful for a person to conspire to "aid, abet, incite, compel, or coerce a person to engage in any of the acts declared unlawful by this chapter." Finally, even if the Court had reason to believe that Kentucky courts would adopt the "intra-corporate conspiracy" doctrine in this context, the Court would still find that the joinder of Ealing and Daniels was not fraudulent since the doctrine only operates under certain facts which are not known by the Court at this time.  See, e.g., Johnson v. Hills & Dales General Hosp., 40 F.3d 837, 841 (6th Cir. 1994) (holding that employees acting outside the scope of their employment relationship are not covered by the "intra-corporate conspiracy" doctrine).  Thus, the Court holds that the Plaintiff has stated a colorable claim against both Ealing and Daniels under the KCRA and that the Court therefore lacks diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand is **GRANTED** and the Court lacks jurisdiction to consider the Defendants' motion to dismiss.   **IT IS SO ORDERED.**

---

[1]While the Second, Fourth, Sixth, Seventh, and Eighth Circuits have adopted the intra-corporate conspiracy doctrine in the civil rights context, the First, Third, Fifth, and Eleventh have rejected the extension of the intra-corporate conspiracy doctrine to claims under §1985(3).  See, e.g., Herrmann v. Moore, 576 F.2d 453 (2d Cir.), Buschi v. Kirven, 775 F.2d 1240, 1251-52 (4th Cir. 1985), Hull v. Cuyahoga Valley Joint Vocational School District, 926 F.2d 505 (6th Cir.), Dombrowski v. Dowling, 459 F.2d 190, 196 (7th Cir. 1972), Bond v. IMFS, 727 F.2d 770 (8th Cir. 1984); but see, e.g., Stathos v. Bowden, 728 F.2d 15, 20-21 (1st Cir. 1984), Novotny v. Great American Fed. Savings & Loan Assn., 584 F.2d 1235, 1256-1259 (3d Cir.) (en banc), rev'd on other grounds, 442 U.S. 366, 60 L. Ed. 2d 957, 99 S. Ct. 2345, Dussouy v. Gulf Coast Investment, 660 F.2d 594, 603 (5th Cir. 1981), United States v. Hartley, 678 F.2d 961, 971-972 (11th Cir. 1982).

cc: Counsel of Record

Clerk, Warren Circuit Court